## Forman, Appellants, v. Myer et al.

*Equity—Injunction—Easement—Servitude—Change of.*

On a bill in equity to enjoin a continuing trespass, it appeared that two properties had the right to use a privy located at the rear of the premises. Some years after the creation of the easement the privy well was changed and a modern water closet installed.

*Held:* That the servitude could not be deemed to be abandoned because the method of use had been changed.

Argued March 18, 1927. Appeal No. 47, October T., 1927, by plaintiffs from the decree of C. P. No. 5, Philadelphia County, September T., 1925, No. 9751, in the case of Samuel Forman and Myer Forman v. Jennie Myer, Phil Shanker and Harry Desman. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity for injunction. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiffs appealed.

*Errors assigned* were answers to various requests for findings of fact and conclusions of law and the decree of the court.

*Maurice W. Sloan,* and with him *Stanley B. Rice,* for appellant, cited:   Mershon v. Fidelity Ins., etc. Co., 208 Pa. 292; Allen v. Scheib, 257 Pa. 6; Allegheny National Bank v. Reighard, 204 Pa. 391; Allen v. Land Company, 92 Cal. 138; Kavanaugh v. St. Louis Traction Company, 127 Mo. App. 265.

*James R. Wilson,* for appellee, cited:   Nickels v. Cornet Band, 52 Pa. Superior Ct. 145; Hibberd v. Greenstein, 263 Pa. 527; Richmond v. Bennett, 205 Pa. 470; Bremer v. Manhattan Railway Co., 191 N. Y. 333; Betjemann v. Brooklyn Union Road Co., 127 App. Div. 83.

PER CURIAM, April 27, 1927:

This was a bill by the owner of 525 South Third Street, Philadelphia, to enjoin the owner of 247 South Street from trespassing on the former's premises and for a decree declaring an easement "ended and extinguished."   The respective lots of ground join at right angles in the rear and in 1858 were owned by Peter Logan.   We adopt the following findings of fact made by the learned court below: "3. Plaintiffs and defendants trace their title to a common grantor, Peter Logan, who owned both properties prior to December 28, 1858, at which time he granted and conveyed to John Keller the premises 247 South Street by a deed duly recorded in the office of the Recorder of Deeds for Philadelphia County, 'together with the free use and common use and privilege of the privy well at the southeast corner of the lot or piece of ground belonging to the said Peter Logan, adjoining the said hereby granted premises on the north, and the sole and exclusive use of the southernmost two of the apartments of the privy house erected on the said well at all times

hereafter forever, the said John Keller his heirs and assigns paying a moiety or half part of the expense of cleaning and keeping the said privy house and well in good order and repair.'

"4. On May 13, 1865, Peter Logan conveyed the premises 525 S. 3rd Street to Victor Welte, by deed duly recorded in the Recorder's Office of Philadelphia County, which contained an exception and reservation:—'Excepting and reserving, nevertheless, out of this present grant unto John Keller, his heirs and assigns, the free and common use and privilege of the privy well sunk at the southeast corner of the said hereby granted lot of ground and the sole and exclusive use of the southernmost apartment of the privy house erected over the said well at all times hereafter forever, the said John Keller, his heirs and assigns paying a moiety or half part of the expense of cleaning and keeping the said privy house and well in good order and repair, as mentioned and set forth in a certain indenture made by and between the said Peter Logan and wife of the one part, and the said John Keller of the other part, bearing date the 28th day of December, 1858, and recorded A. D. B. 22, page 272.'

"5. The privy well was referred to in the chain of title of defendants in a deed from Peter R. Keller to Malachi O'Byrne, dated March 26, 1885, and again in a deed from John J. Myer and Jennie his wife to Harry Desman, dated March 16, 1926, and in a deed of the same date from Harry Desman to Reba Desman.

"6. The servitude was referred to in the chain of title of plaintiffs in a deed dated February 8, 1892, from Victor Welte and wife to Burko Sarshik, and in a deed, dated January 4, 1910, from Burko Sarshik and wife to Joseph Friedberg.

"7. A door opened from the premises 247 South Street into the apartment or building erected over the privy well.

"8. From premises 525 S. 3rd Street there is an opening into the apartment or building erected over said privy well other than the opening into the adjoining apartment, which has no connection with the portion used in connection with 247 South Street.

"9. The privy well was used by the owners and occupiers of 247 South Street from the time of the original grant to about the year 1909, when the well was partly filled in and a modern toilet with drainage through the privy well into the City sewer was installed, and has been in continuous use by the owners and occupiers of 247 South Street.

"10. The use of the privy house and well has been continuous from the time of the original grant, and has been open and notorious; and it is the only privy house and well available for use by the tenants of the first floor of 247 South Street. There are toilets on the premises 247 South Street upon one of the upper floors of the building."

Complainant asserts that the change stated in the 9th finding quoted subjected the servient tenement to "a new servitude different from that originally granted"; that "the new servitude was not within the contemplation of the original grant and was, and is, not one to which the defendants are entitled." The bill was ordered dismissed on the ground that the "servitude cannot be deemed to be abandoned because the method of the use has been changed." A majority of the judges agree that reason is sufficient but we all agree that the evidence shows that when the change in construction referred to was made in 1909, it was made with the consent of the owners of both tenements; it was done as the uncontradicted evidence states, "for the purpose of preventing a nuisance and with the acquiescence of the [then] owners of" 525 South Third Street.

Decree affirmed at appellants' costs.